## In re MYRTLE PLUMBING SUPPLIES, Inc.

(District Court, E. D. New York. March 10, 1924.)

Bankruptcy ⬦262(3)—Motion for order directing bankruptcy trustee to sell mortgaged property denied, on condition that trustee be made party to mortgage foreclosure proceeding.

Where property was mortgaged before bankrupt acquired any interest therein and bankruptcy trustee's title was disputed, *held*, that motion for order directing trustee to sell property free and clear of liens will be denied, on condition that trustee be made party to mortgage foreclosure proceedings.

In Bankruptcy. In the matter of the Myrtle Plumbing Supplies, Inc., bankrupt. On motion for an order directing bankrupt's trustee to sell all property of bankrupt free and clear of all liens, including mortgages. Motion denied conditionally.

Affirmed in 10 F.(2d) 374.

Stewart & Shearer, of New York City, for United States Trust Co. of New York.

Henry A. Blumenthal, of New York City, for trustees Blumenthal and Weissberger.

Samuel Silbiger, of Brooklyn, N. Y., for trustee in bankruptcy.

CAMPBELL, District Judge. This is a motion for an order directing the trustee of the bankrupt to sell certain real property, alleged by him to be the property of the bankrupt, free and clear of all liens, including two mortgages, one for $2,000, and another for $5,000.

The said mortgage for $2,000 was placed upon the property before it is claimed that the bankrupt acquired any interest in the premises, and a sale under foreclosure of the same will insure a good title to the purchaser, and in my opinion a much better price will be obtained upon such a sale than could be obtained by the trustee, due to the fact that his title to the property as such trustee is disputed. Whatever right, title, or interest the trustee may have in such property must be protected, and he must be made a party defendant to the foreclosure action, so that he will be in a position to protect his rights, not only in interposing a defense, if there be one, and on the sale, but also in surplus proceedings, if a surplus be produced on the sale.

The motion of the trustee to sell free and clear will be denied, the stay against the United States Trust Company of New York, the plaintiff in such foreclosure action, will be vacated, and the company allowed to proceed with said foreclosure action, on the express condition that the said Charles R. Randall, as trustee in bankruptcy of Myrtle Plumbing Supplies, Inc., bankrupt, shall be brought in by the plaintiff in that action as a party defendant, permission to make him a party being hereby granted, and no further proceedings in said action shall be taken, except to bring him in as a party defendant, until he has been brought in as such party defendant, and Henry A. Blumenthal and Isidor Weissberger, individually or as trustees, will be stayed from taking any proceedings for the payment to them of any surplus money, if a surplus be obtained on the sale in said action of foreclosure, until the further order of this court, after the determination of the question whether they have more than a merely colorable claim to the real estate in question.

Settle order on notice.

---

## In re MYRTLE PLUMBING SUPPLIES, Inc., Bankrupt.

### Petition of Henry A. BLUMENTHAL.

(Circuit Court of Appeals, Second Circuit. October 6, 1925.)

No. 13.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

For opinion below, see 10 F.(2d) 374.

Henry A. Blumenthal, of New York City (David C. Cohen, of New York City, on the brief), for petitioner.

Samuel Silbiger, of Brooklyn, N. Y., for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Petition to revise dismissed in open court.